Allen v. Atchison.

MATILDA F. ALLEN, ADMINISTRATRIX, v. D. D. ATCHISON AND OTHERS.

The administratrix, having obtained an order of the Probate Court for the sale of the personal property of the estate, sold the same upon a credit, retaining a lien on the property for the purchase money, but without personal security, which sale was confirmed by the Probate Court, whose order of confirmation directed the administratrix to retain such lien; *Held*, that such order, unless duly registered in the manner prescribed by law for the record of deeds and mortgages, was not constructive notice to third parties of the lien so retained; and that third parties could not be affected by such lien unless actually notified of it, or chargeable with notice of it by reason of other facts.

The answers of a party to interrogatories propounded to him by the other party can be destroyed only by written proof, or by the oath of two witnesses, or of one single witness, corroborated by strong circumstantial evidence.

Exceptions to the answers of a party to interrogatories, upon the ground that the answers contain matter not responsive or permissible, must be made in writing.

The object and purpose of the statute indicate that such exceptions should be taken before the trial is commenced, and that has been the practice heretofore sanctioned by this court.

An administratrix, having obtained an order of the Probate Court for the sale of personal property of the estate, sold the same on a credit, upon conditions and terms specially stipulated, but without personal security; the purchasers, expressly assenting to such conditions and terms, subsequently took into partnership with them a third person; *Held*, that such person was bound by such conditions and terms, if cognizant of them at the time he became a partner; and he could not object that the sale of the property by the administratrix was not made in conformity to the statute.

Allen v. Atchison.

APPEAL from Galveston. Tried below before the Hon. P. W. Gray.

The appellant, as administratrix of Thomas J. Allen, deceased, brought this suit to the Fall Term of the District Court of Galveston county, against James F. Waddell, J. J. Gosler, D. D. Atchison, John J. Holt, G. W. Perkins, G. W. Capron, W. F. Crow and C. A. Bulkley.

The object of the suit was to recover of the defendants the value of the printing presses, type and other materials, notes, accounts, good will, &c., of the Galveston Journal, sold by the plaintiff as administratrix, on the 8th of December, 1854, under an order of the Probate Court. The defendants, Waddell and Gosler became the purchasers, at the sum of three thousand five hundred dollars, the appraised value of the property. The administratrix required from the purchaser no personal security for the payment of the purchase money, their purchase being made in accordance with a special agreement or arrangement between them and the plaintiff. The substance of this agreement was that Waddell and Gosler, being practical printers and creditors of the estate to the amount of some nine hundred dollars, but having no cash means to make a present payment, should buy the property at the sale at its appraised value; that their claims against the estate, which was supposed to be insolvent, should be applied in payment of their purchase, to the extent of the *pro rata* distribution made to creditors; that, having been employees of the intestate, they should remain in charge of the office, collect the outstanding accounts, continue the publication of the paper, take in job work, and pay the remainder of the purchase money out of the collections and the profits of the business—it being stipulated that the title to the property was not to pass to Waddell and Gosler until the whole of the purchase money should be paid. The sale was duly reported to and confirmed by the Probate Court, which, in its order of confirmation, directed that the administratrix should retain a lien on the property for the purchase money.

Waddell and Gosler continued the publication of the paper as partners, collected a portion of the claims due the office, apply-

ing the proceeds in part to their current expenses and in part to the purchase of new material for the office, but making no payments to the plaintiff for the purchase at her sale. They also bought other materials on a credit, executing therefor their notes to the amount of nine hundred and fifty dollars, for the payment of which they made a deed of trust upon the whole of the printing establishment, inclusive of the property bought by them at the administrator's sale. Subsequently, in July, 1855, they took into partnership the defendant, John J. Holt, the style of the firm becoming Waddell, Gosler and Holt. The latter brought into the concern the printing material of the Times office, and the conjoined establishments were called the Confederate office, issuing the newspaper under the title of the Confederate.

On becoming a partner, Holt agreed to take up five hundred dollars of the nine hundred and fifty dollars, outstanding against Waddell and Gosler for the purchase of new material; but failing to do so, the whole amount of nine hundred and fifty dollars, was taken up by the defendant, C. A. Bulkley, who gave his own notes for the debt, and paid his notes on maturity.

Gosler, becoming dissatisfied, quit the concern, and Waddell and Holt continued the business. Bulkley made further advances to them, until their indebtedness to him amounted to sixteen hundred dollars, for the payment of which they executed their deed of trust on the entire Confederate establishment to the defendant, W. F. Crow, on the 17th of April, 1856.

Waddell and Holt continued their business until November, 1856, when the publication of their paper ceased. In the ensuing December, Crow, the trustee, sold the entire establishment at public sale, under the deed of trust. At this sale the agent and attorney of the plaintiff attended, and gave public notice that the property belonged to the estate of Thomas J. Allen, and that whoever purchased the property would be accountable for it.

The defendant, Atchison, bid off the property at the trust sale for the sum of six hundred dollars. Having obtained possession of it under his purchase, he sold it in parcels to various parties, the defendants, Perkins and Capron, purchasing a portion of it.

In her petition the plaintiff set forth the circumstances and in-

ducements under which she made the sale of the property; charged that the lien for the purchase money was retained by the order of the Probate Court, and was of record therein; that the possession of the property by the purchasers, Waddell and Gosler, was subject to the lien until payment of the purchase money, no part of which had ever been paid; that the delivery of the property to them was conditional, subject to the lien, rights and reservation aforesaid, and was not absolute so as to pass the title to the property until payment of the purchase money; that the defendant Holt, when he became a partner with Waddell and Gosler, had full notice of the terms and conditions on which they were in possession of the property; that Holt induced Waddell to execute the deed of trust to Crow ostensibly for the benefit of Bulkley, but really for his own benefit, assuring Waddell that the deed of trust should never be enforced; that Gosler never joined in the deed of trust; that neither Waddell nor Gosler had any interest which they could transfer to Holt; that Waddell and Holt had no interest they could convey to Crow; that their attempt to convey an interest by their deed of trust was contrary to law and equity, and on the part of Holt was fraudulent as against the plaintiff. That if Bulkley, or any one else claims any interest in the advances for the security of which the deed of trust was made to Crow, he or they had full notice through Holt, as agent, of all the facts already set forth; that at the trust sale full notice of the plaintiff's right, and the facts already stated were given to the bidders and by-standers publicly by the agent and attorney of the plaintiff; but that notwithstanding such notice, the defendant Atchison bid off the property at the sum of six hundred dollars for all the materials of the Confederate office, including those sold by plaintiff as aforesaid; that the said materials altogether were worth at least three thousand five hundred dollars; that the six hundred dollars paid for them by Atchison was, in reality, paid for the benefit of Holt, and not for the use of Bulkley, as pretended. That since the pretended trust sale, Atchison and Holt had removed the property from the county of Galveston, and have converted it to their own use; that Atchison had wrongfully sold a large portion of the materials to the defendants, Perkins and

Capron, for the sum of one thousand dollars, warranting the title; and that by such wrongful acts of Atchison and Holt, the plaintiff is damaged three thousand five hundred dollars. That the defendants, Perkins and Capron, were duly notified of plaintiff's rights to the property purchased by them from Atchison and Holt, but notwithstanding, have converted the same to their own use, to plaintiff's damage fifteen hundred dollars. That by reason of the great deterioration in value of said property since it passed into the hands of the defendants, the remedy of the plaintiff by the enforcement of her lien is nearly, if not wholly destroyed.

Prays for judgment against the defendants, Waddell, Atchison and Holt, for the full value of the property belonging to Allen's estate, bid in by Atchison at the trust sale; against Bulkley for so much of the proceeds of the sale as he received; and against Perkins and Capron, Gosler and Holt, for so much as they are liable for; also calling for discovery from several of the defendants as to the amount, kind and value of the property which reached their hands, and also as to the knowledge of the claim and rights of the plaintiff therein. The plaintiff also propounded interrogatories to the defendants, Perkins and Capron, Atchison and Holt, Waddell and Gosler.

The defendants demurred to the petition for insufficiency, assigning various causes; and also answered with a general denial; admit the trust sale of the Confederate printing office by Crow, and the purchase of the same by Atchison for the sum of six hundred dollars; that Atchison sold part of the property to Perkins and Capron, and the balance to another party, realizing for the whole not more than thirteen hundred dollars; deny all fraud and collusion charged by plaintiff; allege their purchase of the property for a valuable consideration, as innocent purchasers; plead the statute of limitations of two years; insist that if the plaintiff ever had any lien it was lost by her own laches, and deny that there is or ever was any decree of the Probate Court creating any lien on the property.

The plaintiff made a witness of the defendant, Waddell, by whom she proved the substance of her case with regard to the terms and conditions upon which Waddell and Gosler purchased

the property at the administration sale, and as to the character of their possession of the property in subordination to the rights of the plaintiff; that witness and the defendant, Holt, borrowed the money through Bulkley to pay off the nine hundred and fifty dollars outstanding for new material, and to secure the loans the deed of trust was executed to Crow. That Bulkley often told witness that these loans were advanced by him at the instance of Holt's brother, and for Holt's benefit, and that he, Bulkley, was amply secured by good paper placed in his hands by Holt's brother. That the deed of trust was procured by Holt, really for his own benefit, though ostensibly for that of Bulkley. That the firm of Waddell and Gosler was insolvent when Holt became a partner, and had been ever since; that Holt must then have known their insolvency and also the terms and conditions on which they had possession of the Journal establishment; that Gosler informed Holt of those terms and conditions.

By another witness the plaintiff proved the notice given at the trust sale, by her agent and attorney, with regard to her rights in the property as administratrix, and that Atchison, who bought the property, was then present.

There was a good deal of other evidence introduced by the plaintiff, relating mostly to matters of detail, and not necessary to be recapitulated.

The defendants offered to read in evidence on their behalf the answers of Perkins, Capron, Holt and Atchison, to the interrogatories propounded by the plaintiff. The plaintiff objected to the reading of so much of the answers as was not responsive, offering to point out the portions objected to. The objection was overruled, because not made in writing and filed before the commencement of the trial, and the plaintiff excepted. The evidence was then read; but it is not set out in the record, being omitted by agreement.

In its instructions to the jury, the court charged that the order of the Probate Court confirming the administration sale by the plaintiff, would not of itself be notice to subsequent purchasers or creditors, and that such, or any notice of a lien to be reserved, would not be sufficient to hold personal property, unless it was, in fact, reserved, and notice of it given to the subsequent purchasers,

either by record or actual information. On the request of the defendants, the jury were instructed that the answers of the defendants to the plaintiff's interrogatories can be destroyed only by written proof, or by the oath of two witnesses, or of one single witness corroborated by strong circumstantial evidence. The plaintiff excepted to all the charges of the court, except such as were given at her instance, and also to the refusal of certain charges asked by her.

The jury found in favor of the plaintiff, as against the defendants, Waddell, Gosler and Holt, in the sum of twenty-six hundred dollars; and in favor of the other defendants.

Holt moved for a new trial, because the verdict was contrary to the law and the evidence, the proof showing, as he alleged, that he had no notice of any lien or claim of Allen's estate on the property mentioned in the deed of trust to Crow.

The plaintiff also moved for a new trial, so far as the verdict and judgment in favor of some of the defendants were concerned.

Both motions were overruled; and both the defendant Holt and the plaintiff appeal and assign errors.

*Sherwood & Goddard*, for the appellant Allen.

The proof is clear and positive, that the sale by the administratrix to Waddell and Gosler, and the delivery of the property, were both *conditional ;* that, by express agreement no title was to pass to Waddell and Gosler until the whole of the stipulated price should be paid, and that no part of that price has ever been paid.

It is also plain that the sale was made in perfect good faith, without the slightest intention to defraud or prejudice any one; and that the possession and use of the property by Waddell and Gosler were necessary to the effecting of the sale, and were deemed by all parties concerned beneficial to the estate and its creditors.

The legal consequence of these facts is equally clear and plain, viz : that no right of property ever vested in Waddell and Gosler, and no sale or mortgage of the property by them, even to a *bona fide* purchaser or mortgagee, without notice, for value, could impair in the least the rights of the administratrix, who is entitled to follow the property wherever she can find it, and to hold any

person who may have converted it liable in damages for the con-
version. (Coggill *et al.*, v. Hart, and N. H. R. R. Co., 3 Gray,
(Mass.) 545; Whipple v. Gilpatrick, 19 Maine R., 427; Porter
v. Foster, 20 Ib., 391; Leighton v. Stephens, 22 Ib., 252; Patton
v. McCave, 15 B. Monroe, 555; Herring v. Hoppock, 3 Duer
(N. Y.) 20; Strong v. Taylor, 2 Hill (N. Y.) 326; Ash *et al.*
v. Putnam, 1 Ib., 302; Saltus v. Everett, 20 Wend., 274—
Opinion by Verplanck; Marston v. Baldwin, 17 Mass., 606; Bar-
rett v. Pritchard, 2 Pick., 512; Bigelow v. Huntley, 8 Verm.,
151; Gambling v. Read, 1 Meigs, 281; Dupree v. Harrington,
1 Harper, 391.

The plaintiff's right of recovery was not affected by the public
sale held under the order of the Probate Court. That sale was
itself a conditional one, depending for its consummation, upon the
compliance by W. and G. with its terms. There was no report by
the administratrix of such a compliance, no confirmation of the
sale by the court as an unconditional one. The decree is a con-
firmation of a conditional sale, and shows on its face that no title
had then passed to the purchasers, or was to pass to them until they
should comply with the conditions of the sale.

If the appellees relied, in their dealings with Waddell and Gos-
ler, upon that sale as the source of Waddell and Gosler's title to
the property, then they were bound to consult the records of the
Probate Court respecting the validity and character of that title.
To all persons dealing with Waddell and Gosler on the faith of
that sale, those records were notice of its terms and conditions,
and were sufficient to set on foot the inquiry whether such terms
and conditions had been complied with. The slightest inquiry
would have procured the information that they had fulfilled no
part of the conditions of the sale—had neither made the cash pay-
ment, nor executed their notes for the time-payments—that no
title had, in fact, been executed to them by the administratrix,
and that they had not, in law, acquired any title by means of the
attempted probate sale.

But it may be said that the possession of this property by W.
and G. enabled them to obtain credit, and that persons were induced
to deal with them on the faith of such possession and presumptive

ownership, and that persons so dealing in good faith must be protected.

The reply is obvious and conclusive.

The conditional delivery of the property to W. and G. was a species of bailment, and the considerations just stated apply with equal force to all cases of bailments; yet it is not supposed that bailors are liable to be divested of their property by a *bona fide* purchase from the bailees, simply because the latter are credited, or dealt with, on the faith of the property in their possession. This doctrine would be the utter abolition of all bailments, and the rule, "*caveat emptor.*"

The true and only question, in all such cases, is, whether or not a fraud has been perpetrated on the *bona fide* purchaser by the owner of the property, or through his default.

In the present case there is no proof of either fraud or default on the part of the administratrix.

It may here be observed that the testimony of the single witness, Waddell, as to Holt's knowledge, and the testimony of the single witness, Holland, as to the notice to Atchison, of the ownership of the property, and of the conditions on which Waddell and Gosler had possession of it, are sufficient to establish the fact of such knowledge and notice, notwithstanding any denial thereof which Atchison and Holt might foist into their answers to plaintiff's interrogatories.

Those answers are not, as to such denials, responsive to the interrogatories proposed to those defendants, who were inquired of merely with regard to the items and disposition of the plaintiff's property which the trustee, Crow, had assumed to sell.

The same rule is applicable to the answers of a party to interrogatories propounded by the opposite party under our practice, as is applicable to the answer of a defendant to a bill in chancery.

In the latter case, the rule, that the answer must be overcome by two witnesses, or by one witness corroborated by circumstances, applies only to *that part of the answer which is directly responsive to the bill.* (Green v. Vardeman, 2 Blackf., 324; Pierson v. Clayes, 15 Verm., 93; Atwater v. Fowler, 1 Ed. on Ch., N. Y., 417, cited in 1 U. S. Eq. Dig., 437.)

Allen v. Atchison.

Indeed, such voluntary answers are not evidence at all for the defendant not being in answer to a discovery sought by complainant. (New Eng. Bk. v. Lewis, 8 Pick., 113; Davis v. Clayton, 5 Humph., 446.)

The court below plainly erred in giving the instruction asked by the appellees, without modification in accordance with the above decisions.

*D. D. Atchison*, for the appellant Holt. The court erred in overruling the demurrer to the petition. The petition contained no cause of action. It showed that an order of sale for cash of perishable property had been made by the Probate Court. That Waddell and Gosler purchased the property and took possession of it. It also appears from the petition that the administratrix was acting in total disregard of the law. She made a sale of this property—the purchasers took it—and in no manner complied with the terms of the law. 1st. The order of sale was not complied with; it was not made for cash; it was sold for half cash and balance twelve months; the purchasers did not even comply with these terms, for it appears they paid nothing. The administratrix could pursue but one course, which was "to take the notes of the purchasers for the amount of the purchase money with good security." (Art. 1181, Hart. Dig.)

It was then her duty to use ordinary diligence to collect these notes. The petition shows that no such diligence was ever used. The sale to Waddell and Gosler was made Dec. 4th, 1854, and from that time up to the filing of this suit, Sept. 18th, 1857, no steps are taken to collect the money. Is this *ordinary diligence* such as the law contemplated? (Hart. Dig., art. 1182.)

The petition, as to all the defendants, showed that the demand was barred by limitation, and that the purchasers had possession of it almost three years. Even Holt had protection under the statute of two years, for he took possession July 4th, 1855. The plaintiff upon the allegations in her petition had no cause of action,— by her own laches she lost her rights. (Art. 1181, Digest.)

On a sale of personal property the law did not require a conveyance to be made or a lien to be taken, except as to slaves.

40

(Art. 1181, Hart. Dig.) And such a decree of confirmation of the sale of,, personal property, other than slaves, shall in like manner vest the right and title thereof in the purchaser, and shall be like evidence that all the requisites of the law have been complied with in making the sale of such personal property. (Hart. Dig., art. 1176.)

We think the petition did not set forth a cause of action. On the contrary, it showed an utter disregard of the law, and the court erred in overruling the demurrer.

*D. D. Atchison*, also for the appellees. The *general* principles of law in regard to the sale of personal property do not apply to this case. It is a matter in relation to the estate of a deceased person, and the disposal of such property is regulated and governed entirely by our statutes. Arts. 1165, 1171, 1172, 1174 and 1176, Hartley's Digest, direct in what manner the property of an estate shall be disposed of. These are matters which are regulated entirely by our statutes and the decisions of our courts. The authority of an executor or administrator is a *mere naked statutory power*, (6 Tex. R., 554,) and the decisions in other States in regard to bailments and conditional sales can have no possible relevancy or application to our peculiar statutory provisions. If this honorable court will notice it will find that the counsel for appellants cite foreign authority entirely in support of their ground that the "probate sale to Waddell and Gosler was a conditional one;" whereas, if any light at all can be thrown on the point, we submit that it can only be done by reference to the Reports of Texas.

Why do they say that the sale was a conditional one? Simply because it was partially made on a credit and the purchase money was never wholly paid. It is true that the sale was partially a credit sale, but the fact of its being such does not render it conditional. (Hart. Dig., arts. 1171 and 1181.) On the contrary, we contend that the property was absolutely vested in the vendees, when the administratrix by her conveyance had complied with the terms of the decree of sale, and they were entitled to exercise all the rights of ownership. If the vendees did not, at the expiration

of the credit, pay the remainder of the purchase money, the law pointed out the proper remedy. (Dowling v. Duke, 20 Tex., 181.) The law provides that if the administratrix disposed of the property on a credit without good security, that it would be at her own risk, (Hart. Dig., art. 1181,) and that at all events her remedy would be an action at law for the balance of the purchase money, as between other parties, debtors and creditors; and not that she was to have a lien on the property sold, and an action against innocent purchasers, affecting their rights and damaging their interests.

In addition to the foregoing we might say, that by provision of our statutes, it is required that if the terms of administrators' sale are not complied with, the property must be re-sold. If Waddell and Gosler did not comply with the terms of sale, as the appellant contends, why did she not re-sell the property within a *reasonable* time? (Short v. Ramsay, 18 Tex., 397.)

MOORE, J. The issues involved in this case, were fully and clearly presented to the jury by the charge of the court, and we see no reason why their finding should be disturbed. It would be a tedious and unprofitable task to discuss, in connection with the voluminous pleadings and testimony that are presented in the record, each of the several charges given by the court. Such a discussion would result merely in an exposition of the issues that might in our opinion arise under the pleadings, and of the facts to which there is evidence tending in proof; but would have little effect in elucidating any legal proposition of importance. To do so under these circumstances, we should therefore regard as an unnecessary consumption of time. The court correctly refused to give the charges asked by appellant, which were rejected. As stated by the court, some of them had been already sufficiently given, while others presented one side of the case too prominently, so as to mislead the jury. They are generally argumentative in their character, and based upon an assumption as to the existence of facts which were involved in controversy. One of the most serious of appellant's grounds of complaint to the charge given by the court, and for refusing to give those asked by her, rests upon

the construction which it is insisted should be given to the records of the Probate court. It is contended, that as the order of court confirming the sale of the property purchased by Waddel and Gosler directed the administrator to retain a lien upon it to secure the unpaid purchase money, this was constructive notice to all parties subsequently dealing with them. This assumption is manifestly incorrect. It cannot be maintained as a sound legal proposition. Notice of a lien upon the property, if one was retained, should have been given by having the instrument by which it was created, duly registered in the manner pointed out by the statute for the record of deeds and mortgages; and if this was not done, third parties could not be affected by such lien, unless they were notified of it; or were, from other facts, charged with notice of it.

The charge given by the court, as to the effect of the answers of the defendants, to the interrogatories propounded to them, was in strict conformity with the statute, (O. & W., art. 480,) and was of course correct.

The appellant did not object to the answers of the defendants to the interrogatories, which she sought to exclude as evidence from the jury, in the manner required by law. (O. & W., art. 477.) It is specifically directed that the exception to the answers shall be made in writing. Whether the objections must be taken before the commencement of the trial, or when the answers are offered in evidence, is not positively determined by the statute, though the object and purpose of the law would indicate that it should be done before going into the trial. This seems to have been the practice that has heretofore received the sanction of this court; (See Hadley v. Leigh, 8 Tex., 129; Dikes v. De Cordova, 17 Tex., 618.)

There was no error in overruling the defendant's exceptions to the petition. The petition set forth a good cause of action against the defendant Holt. He cannot object that the administratrix had not followed the provisions of the statute, in disposing of the property belonging to her intestate, if he was cognizant of the facts in relation to it when it came into his possession. If he was informed of the terms and conditions upon which Waddel and Gosler had acquired and held the property, when he became a partner with

them, he was bound by them. On the issue of fact, the jury have found against him, and it cannot be said that their verdict is either without or against the testimony. Let the judgment be affirmed. Judgment affirmed.