H. A. LEWIS ET AL. v. J. M. COLE ET AL.

(Case No. 4471.)

1. LEGAL TITLE — PURCHASER FROM HEIR. — A bond for title, in which the obligor agrees to convey one-half of designated land to the obligee when the latter shall obtain a patent upon a certificate located on the land, does not pass title to the quantity agreed to be conveyed, even though the obligee has paid the full value of the certificate. The legal title remains in the obligor, and, descending to the heir, passes by deed to a purchaser who had no notice of the existence of the bond.

2. SAME.— Titles, when cast by descent, are not, as between father and child, different titles, but the title when obtained by inheritance, when a legal title, is the apparent equitable title, upon which all persons may rely, in the absence of notice, against all outstanding legal titles or equities, subject to the registration laws. On this point Rodgers v. Burchard, 34 Tex., 451, overruled by Taylor v. Harrison, 47 Tex., 459.

3. STALE DEMAND.— No recovery can be had on a bond executed in 1852 for the conveyance of land, on which suit was first brought twenty-eight years afterwards, in the absence of facts explaining the delay. The demand is stale.

APPEAL from Clay. Tried below before the Hon. B. F. Williams.

*Thomas J. Wyatt*, for appellants, cited: Davis v. Ousley, 14 Mo., 170; Valentine v. Havnor, 20 Mo., 133; Hill v. Meeker, 24 Conn., 211; Whittington v. Wright, 9 Ga., 23; and Rodgers v. Burchard, 34 Tex., 451.

*W. C. Wolff*, for appellees, cited: Taylor v. Harrison, 47 Tex., 459; 46 Mo., 239; and R. S., arts. 4314–4320.

STAYTON, ASSOCIATE JUSTICE.— This suit was brought May 14, 1880, by the appellants to secure a tract of land which was patented to John A. Greer on the 1st day of April, 1856.

On the 26th day of January, 1852, John A. Greer executed a bond for title to James W. Flanigan, by which he obligated himself, when Flanigan obtained a patent upon a certificate named in the bond, and the same upon which the land in controversy was patented, to convey one-half of the land thus obtained to Flanigan.

On the 10th of October, 1854, Flanigan conveyed to Charles Lewis thirteen hundred acres of the land certificate and authorized him to receive a patent therefor from the commissioner of the general land office. Neither the title bond from Greer to Flanigan, nor the conveyance from Flanigan to Lewis, were recorded. It is admitted that the appellants are the sole heirs of Charles Lewis.

The tract of land sued for contains something more than thirteen hundred acres of land, but embraces but little over half of the land which could be granted by the certificate, one undivided half of which, the bond from Greer to Flanigan recited, had been sold by the former to the latter. It does not appear when or by whom the land was located, nor that the entire certificate was ever located; nor does it appear by whom the patent was obtained for the land sued for.

John A. Greer died a short time before or after the patent issued, and it was admitted that Mrs. C. A. Dashiel, through whom the appellees show a regular chain of title, was the sole heir. The land was conveyed to Mrs. Emily Douglass, who is one of the defendants, by the executor of the will of Mrs. Dashiel, on the 18th of April, 1878, and the deed was recorded on the 21st of May, 1880. It does not appear that Mrs. Douglass, at the time she purchased, had any knowledge of the bond from Greer to Flanigan.

The defenses were: Plea of not guilty; statute of limitations of ten years; and that the claim was a stale demand.

There was a demurrer filed to the last two defenses, which were overruled by the court, and this is assigned as error.

The cause was tried without a jury, and the court held that the appellees were innocent purchasers for valuable consideration and without notice of appellants' claim, and that appellants' claim was a stale demand, and rendered judgment in accordance with the findings, and this is assigned as error.

Appellants do not controvert the findings of fact by the court; but submit their case upon three propositions, thus stated by their counsel:

"Appellants submit these propositions:

"1st. That the conveyance from John A. Greer to J. W. Flanigan, 20th of January, 1852, divested John A. Greer of all the title he had in the land which was conveyed by it; and, although the instrument was never recorded, he nor his heir, Mrs. C. A. Dashiel, had no fee remaining in the land, and none could descend to his heir, Mrs. C. A. Dashiel, at his death, and a subsequent purchaser from his heir, said Mrs. Dashiel, or from her legal representative, said W. B. Dashiel, could acquire no further or other interest in the land than was possessed by Mrs. C. A. Dashiel.

"2d. The conveyance from W. B. Dashiel, the executor of Mrs. C. A. Dashiel, to Mrs. Emily Douglass, conveyed nothing, for he had nothing to convey.

"3d. An estate fairly sold and paid for cannot revert to the

grantor from the mere lack or negligence of the grantee in not having his title recorded. Rodgers v. Burchard, 34 Tex., 451. Under the registry laws an unrecorded deed is held to pass the title as against the grantor and his heirs, and would be void only as against subsequent purchasers without notice from the same grantor. Id. An unrecorded deed conveys all the title of the grantor, and he has no longer any interest in the estate, nor can any interest descend to his heirs. Davis v. Ousley, 14 Mo., 170; Valentine v. Havnor, 20 Mo., 133; Hill v. Meeker, 24 Conn., 211; Whittington v. Wright, 9 Ga., 23.

"The doctrine of stale demand and innocent purchaser without notice will not apply in this case."

The bond for title did not pass the legal title to any land to Flanigan, even though he paid the full value of the certificate. It conferred but an equity upon him which in proper time he might have enforced if he fully complied with his part of the contract.

The legal title remained in Greer, and upon his death it descended to his only child, through whom by conveyance it vested in Mrs. Douglass. We see no reason why a conveyance made by the heir of Greer, or by her representative, to one who had no notice of the bond made by Greer to Flanigan, should not be just as effective, under the registration statutes, as though Greer himself had made the conveyance.

The evils intended to be remedied apply in the one case as in the other. The titles as between the father and the child are not different titles, but one and the same title, transmitted from the one to the other by operation of law.

The title of Mrs. Dashiel upon her father's death was the legal title, and was the apparent equitable title, upon which all persons might rely, in the absence of notice, against all outstanding legal titles or equities subject to the registration laws. The case of Rodgers v. Burchard is referred to as an authority for the propositions sought to be maintained. That case was considered in the case of Taylor v. Harrison, 47 Tex., 459, and upon the point now under consideration was practically overruled.

The court found that a valuable consideration was paid for the land by Mrs. Douglass. The statement of facts does not make this clear, further than by the recitals in the deed; but be this as it may, it is probably true, that, as the appellee had the apparent legal and better title, it was incumbent upon the appellants, who were seeking equitable relief, to show any defect or want of equity in the title of the appellees. Johnson v. Newman, 43 Tex., 642.

More than twenty-eight years had elapsed after Greer executed the bond to Flanigan before any steps were taken to enforce it. No reason is shown for the delay, and we are of the opinion that the court did not err in holding that the claim was stale. McKin v. Williams, 48 Tex., 89; Hodges v. Johnson, 15 Tex., 575; Carlisle v. Hart, 27 Tex., 354.

The statute now fixes ten years as the period which will bar an action for the specific performance of a contract to convey land. R. S., 3209.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered November 19, 1883.]