MARY DAVIS ET AL. v. MARY C. HARMON ET AL.

No. 1664.

**1  Notice—Bona Fide Purchaser—Community Property.**—After the death of the•wife the husband conveyed community real estate to G., who had knowledge of the wife's community interest, and G. subsequently conveyed it to H., who had no actual notice of such interest. *Held*, that H. was a bona fide purchaser, and was not chargeable with notice of such community interest of the wife by virtue of an inventory and appraisement of the community estate filed by the husband in the Probate Court of the county where the land was situated after his deed to G., but prior to the conveyance to H.

**2.  Community Property—Right of Survivor Who Pays Debts.**—The survivor in community has the right not only to dispose of community property to pay community debts, but also the right to retain it or to sell it to compensate himself for such obligations discharged by the use of his own separate means.

APPEAL from Tarrant. Tried below before Hon. R. E. BECKHAM.

*Hunter, Stewart & Dunklin*, for appellants.—1: The deed executed by H. W. Davis to A. B. Gant, for the land in controversy, before the inventory, appraisement, and community bond were filed, was not made valid by the subsequent filing of said inventory, appraisement, and bond. Griffin v. Ford, 60 Texas, 501; Watkins v. Hall, 57 Texas, 1.

2. The sale by H. W. Davis to A. B. Gant having been made by Davis before he qualified as survivor, and not having been made in settlement of community debts, or to raise funds with which to pay community debts, and there being no necessity for said sale, the same was wholly insufficient to and did not pass the title of the heirs of the deceased wife to said property. Dickerson v. Abernathy, 1 Posey's U. C., 107; Johnson v. Harrison, 48 Texas, 257; Yancy v. Batte, 48 Texas, 684; Proetzel v. Schroeder, 83 Texas, 684.

3. The proceedings and the records thereof in the case of "Estate of D. K. Davis, deceased," pending in the Probate Court of Tarrant

County, Texas, involving the administration of the community estate of H. W Davis and his deceased wife, Darthula K. Davis, and including the land in controversy, were legal notice to C. D. Harmon, at the time Harmon bought said land from A. B. Gant, that the land was the community property of said H. W Davis and his deceased wife, Darthula K. Davis, and having such notice, Harmon was not an innocent purchaser of the property, but took notice and acquired such title only as Gant could convey. Rev. Stats., art. 1794–1796, 1799, 2167, 2171.

*Capps & Cantey,* for appellees.—1. Community obligations of H. W. Davis and his deceased wife being shown, and the deed from Davis showing a cash consideration of $4000, and C. D. Harmon, at the time of the conveyance to him by A. B. Gant, having ⌐no actual knowledge that the land was not sold to pay community debts, had a right to presume that the property was sold to pay community debts, and was not obligated at law to see that the consideration passing from from Gant to Davis was applied to the discharge of the community obligations of Davis and his deceased wife, nor was Harmon bound by any actual notice that Gant may have had that the consideration was not applied to the discharge of the debts of the community. Jones v. Jones, 15 Texas, 143; Johnson v. Harrison, 48 Texas, 265.

2. The community estate of H. W. Davis and his deceased wife being insolvent, and Davis having, subsequent to the death of his wife, by selling and exchanging community property, discharged the community debts or obligations, appellants have no cause for action against their father, H. W. Davis, or his vendee, A. B. Gant.

3. C. D. Harmon had no actual notice that the property in controversy was the community property of H. W. Davis and wife, and the proceedings in the Probate Court of Tarrant County, were not constructive notice to Harmon of any such interest. Rev. Stats., arts. 4294, 4300, 4301, 4332, 4338, 2171.

HEAD, ASSOCIATE JUSTICE.—While H. W. and Darthula K. Davis were husband and wife they acquired ten acres of land, now in the city of Fort Worth, the conveyance being made to H. W. Davis. This is alleged to have been some time in the year 1872. About the 1st of January, 1874, Darthula K. Davis died, leaving appellants, who were her children and only heirs, surviving her.

On the 10th day of May, 1877, H. W. Davis executed to A. B. Gant a warranty deed, conveying this ten acres, with a number of other tracts, for the recited consideration of $4000 cash. The real consideration, however, was an exchange for western lands. At the time of this conveyance Gant had notice of the community interest of Darthula K. Davis and of her death.

At the time of the death of his wife, as aforesaid, H. W. Davis owed community debts in the sum of about $19,000. The community prop-

erty lacked something of being worth this amount. The community debts above referred to have all been paid by H. W. Davis, by the use of his individual as well as community property. On the 6th of February, 1878, Davis filed his community inventory, appraisement, and bond, which were on that day approved by the county judge of Tarrant County, and recorded as required by our statute.

In July, 1878, A. B. Gant, by deed with covenant of general warranty, conveyed to Charles D. Harmon, the husband of appellee, Mary C. Harmon, the ten acres above referred to, the consideration being $900 cash, which was the fair value thereof at that time. The value of this land at the time of the death of Mrs. Davis does not appear, from the record, further than that, in the appraisement filed in 1878, it is valued at $1200.

At the time of his purchase from Gant, C. D. Harmon had no notice that H. W. Davis ever had a wife or children. In fact, he was not in any manner acquainted with Davis or his family history, and had no actual notice of the interest of appellants in this land. The appellees herein claim under Harmon.

The issue in this case is, whether or not, under the facts above set forth, appellants are entitled to recover from appellees any part of the ten acres.

We are of the opinion that the record of the community inventory, appraisement, and bond after the sale by Davis to Gant, but before the sale by the latter to Harmon, was not constructive notice to Harmon of the fact that this land was community property of H. W. Davis and his deceased wife.

We regard the case of Allen v. Atchison, 26 Texas, 616, as somewhat in point. In that case, the administratrix had sold personal property, and in approving the sale the Probate Court entered an order directing that the administratrix should retain a lien on the property for the purchase money. The property was subsequently mortgaged by the vendee to one who had no actual notice of this order, and one of the questions presented for decision was as to whether or not he was chargeable with notice thereof. The court says: "One of the most serious of appellant's grounds of complaint to the charge given by the court, and for refusing to give those asked by her, rests upon the construction which it is insisted should be given to the records of the Probate Court. It is contended, that as the order of the court confirms the sale of the property purchased by Waddell, and Gosler directed the administrator to retain a lien upon it to secure the unpaid purchase money, this was constructive notice to all parties subsequently dealing with them. This assumption is manifestly incorrect. It can not be maintained as a sound legal proposition. Notice of a lien upon the property, if one was retained, should have been given by having the instrument by which it was created duly registered in the manner pointed out by the statute for the record of deeds and mortgages; and if this is not done, third parties could not

be affected by such lien unless they were notified of it, or were from other facts charged with notice of it."

In the case at bar appellees do not claim under the community and inventory bond filed by Davis, so as to charge them with notice of recitals in their chain of title; and if they are to be charged with notice at all, it must be because the statute so requires. It has been repeatedly decided that constructive notice by registration is a creature of the statute, and must be given according to its terms. Burnham v. Chandler, 15 Texas, 441; Webb on Record Title, sec. 135.

We have a statute in this State which attaches such notice to recorded instruments conveying the title to land, but it is not pretended that the record in this case was made in compliance with that article. Rev. Stats., art. 4332.

We have another statute which authorizes and requires the record of community inventories and bonds to be made in the minutes of the Probate Court, but we know of no provision in the law which gives them other effect as notice than by common law would be attached to ordinary judicial proceedings.

As our conclusion upon this branch of the case leads to an affirmance of the judgment of the court below, it perhaps would not be necessary for us to consider the question as to whether or not the judgment should also have been in favor of appellees upon the ground that Davis, under the facts above set forth, would have been entitled to retain all the community property of himself and deceased wife, to reimburse himself for community debts paid; and that therefore his right in this respect passed to those claiming under his warranty to Gant.

It seems well settled that the survivor in community not only has the right to dispose of community property to pay community debts, but he also has the right to retain it to compensate himself for such obligations discharged by the use of his own separate means. Leatherwood v. Arnold, 66 Texas, 414.

We think the evidence in this record justified the court below in finding that Davis had, by the use of community property and his own separate means together, satisfied community obligations to the full value of the property he owned in common with his wife. If this be true, the fact that he received as consideration for this land other property, instead of money, we think, should not deprive his vendees of the right thereto. Unless appellants could have recovered their mother's interest from their father, had he retained it, they can not recover from those to whom he conveyed, no matter what consideration he may have received.

The judgment of the court below will be affirmed.

*Affirmed.*

Delivered January 23, 1895.

STEPHENS, Associate Justice, did not sit in this case.