## BAKER et al. v. CULPEPPER et al.
### No. 4265.

Court of Civil Appeals of Texas. Texarkana.
Dec. 22, 1932.

Rehearing Denied Jan. 5, 1933.

George Sergeant and Garland Armstrong, both of Dallas, for appellants.

Florence & Fulton, of Gilmer, and L. C. Kemp, of Houston, for appellees.

SELLERS, J.

This suit was brought by J. B. Baker and his brothers and sisters, whose names will be here omitted, in trespass to try title to 61¾ acres of land located in Upshur county, Tex.,

against David Culpepper and others who claim title to the land. The case was tried to a jury and at the close of the evidence offered by the plaintiffs the court instructed a verdict for the defendants and entered judgment on such verdict for the defendants for title to the land involved. To this judgment plaintiffs have excepted and have duly prosecuted this appeal.

The facts are that J. B. Baker and his brothers and sisters, the appellants herein, are the only heirs of J. A. Baker and his wife, Theodosia Baker. Theodosia Baker died December 21, 1905. Before her death in 1905, she and her husband, J. A. Baker, had contracted to buy the land in controversy from J. M. Scarborough and wife and a part of the purchase price was paid, but the deed from Scarborough and wife was not made until October 30, 1906, at which time Mrs. Theodosia Baker was dead and the deed was made to James Baker, who, it seems, is the same party as J. A. Baker. The balance of the consideration was paid with community property of J. A. Baker and his deceased wife. J. A. Baker and his children moved on the land about the time the deed was made to Baker by Scarborough.

In June, 1909, J. A. Baker made application to the probate court of Upshur county to be appointed community survivor of the community estate of himself and his deceased wife, and on the same day the court appointed him community survivor and he caused to be made and recorded in the minutes of said court an inventory and appraisement of the community property and also a bond as such survivor. The inventory and appraisement did not list the property involved as community property, and, in fact, made no mention of this property, but other real estate located in Harrison county was listed as community property. The application of J. A. Baker to be appointed community survivor alleged that his deceased wife, Theodosia Baker, died in December, 1906, whereas she had in fact died in December, 1905.

On November 13, 1913, J. A. Baker by warranty deed conveyed the property to J. L. Reppond who paid $1,200 for it. No mention was made in this deed of Baker being community survivor. Reppond went into possession of the property immediately after the deed was made and continued in possession until October 13, 1927, when Reppond sold it for a valuable consideration to Mrs. S. S. Palmer, and this deed was placed on record the same day it was executed. Mrs. Palmer went into possession when she purchased the property and continued in possession until November 29, 1927, when she conveyed the land for a valuable consideration to David Culpepper, which deed was placed of record the same day it was executed. David Culpepper went into possession when his deed was made and is still in possession. David

Culpepper and wife leased the land for oil and gas purposes on October 9, 1930, to W. A. Davey, Jr., and other conveyances of the oil, gas, and minerals were made by Culpepper and wife. The original deed from Baker to Reppond was not recorded until March 11, 1931, although it had been delivered to all the subsequent purchasers when they purchased the land. This suit was brought by the appellants on November 5, 1931, claiming an undivided one-half interest in the property in fee simple as the heirs at law of their mother, Mrs. Theodosia Baker.

 The deed from Scarborough to J. A. Baker conveyed the legal title to the land to J. A. Baker, and such title as the appellants herein had to the property was an equitable title. This would have been true had Mrs. Theodosia Baker died after the deed had been made to J. A. Baker. Mitchell et al. v. Schofield et al., 106 Tex. 512, 171 S. W. 1121. And this case is also authority for the holding that the deed to J. A. Baker was not notice to subsequent purchasers for value without notice of the equitable title of the appellants.

 The burden in this case was upon appellants to show that appellees had notice, either actual or constructive, of the appellants' equitable interest in the property involved at the time appellees purchased and paid for the same. Duckworth v. Collie (Tex. Civ. App.) 235 S. W. 924, and cases therein cited. This case turns upon the one question: Did the appellees have notice of the equitable title of the appellants when they purchased the land? It seems to be conceded that they did not unless it can be said that they had constructive notice of the community survivorship proceedings in the county court which showed that the wife died in 1906 after the deed from Scarborough and wife to J. A. Baker was executed and that this notice was sufficient to have put the appellees on inquiry which, if pursued, would have disclosed appellants' equitable title. This contention cannot be sustained. It seems now well settled that community survivorship proceedings are not constructive notice to a purchaser of the legal title for value. In the case of Thompson et al. v. Rust et al., 32 Tex. Civ. App. 441, 74 S. W. 924, 925, the Court of Civil Appeals at San Antonio in an opinion by Justice Fly, in which a writ of error was denied, held: "The proceedings in the administration of the estate in Colorado county did not serve as notice to Rust that land in Wharton county had been sold by the administrator to Thompson. Such proceedings would not be constructive notice of the sale of land, even in the county where the administration was pending, and it is not pretended that Rust had actual notice of such sale. Allen v. Atchison, 26 Tex. 616; Russell v. Farquhar, 55 Tex. 355; Lewis v. Cole, 60 Tex. 341; articles 4640, 4699, Rev. St. 1895."

This case was cited with approval in Clemmons v. McDowell et al., 5 S.W.(2d) 224, 229, wherein the Amarillo Court speaking through Chief Justice Hall held: "We have concluded that the statement in Wade Atkins' application to be appointed community administrator, with reference to his granddaughter, was not notice. Under Revised Statutes, arts. 6626 and 6627, the probate proceedings incident to the appointment of Atkins as community administrator were not such matters as could be registered, and the recitals therein were not notice to Young or his vendees. Allen v. Atchison, 26 Tex. 616; Davis v. Harmon, 9 Tex. Civ. App. 356, 29 S. W. 492; Thompson v. Rust, 32 Tex. Civ. App. 441, 74 S. W. 924; Russell v. Farquhar, 55 Tex. 355; Lewis v. Cole, 60 Tex. 341; Thomas v. First National Bank of Hico, 60 Tex. Civ. App. 133, 127 S. W. 844."

The evidence failing to show that appellees had any notice of appellants' equitable title to the land involved, the judgment will be affirmed.