## LODEN v. BURGESS.
### No. 4251.

Court of Civil Appeals of Texas. Amarillo.
June 18, 1934.

Rehearing Denied Sept. 10, 1934.

W. T. Brothers, of Amarillo, for appellant.

F. A. Cooper, of Amarillo, for appellee.

JACKSON, Justice.

The following facts are revealed by the record: L. G. Loden and Nancy Adaline Loden were husband and wife, and had born to them five children. Nancy Adaline Loden died, leaving as her estate a one-half interest in the community property of herself and L. G. Loden, consisting of lots Nos. 7, 8, 9, and 10 in block 65 of the Glidden & Sanborn addition to Amarillo, Tex. Some time after her death L. G. Loden married his second wife, Laura Loden, and Guy Marshall Loden was the issue of the second marriage. On the 14th day of May, 1927, L. G. Loden executed his will, devising to Laura Loden and his minor son, Guy Marshall Loden, his one-half undivided interest in the above-described property, and devised the one-half undivided interest therein belonging to his first wife, and which was theirs under the law of descent and distribution, to the children of himself and Nancy Adaline Loden. He named Laura Loden independent executrix of his will, and directed that his just debts be paid without delay by said executrix. He also stated in the will: "It is my further will and desire that my executrix hereinafter named hold in trust all property real and personal herein devised and bequeathed unto the said minor son Guy Marshall Loden and use the same under the directions of the Probate Court for the maintenance and education of the said Guy Marshall Loden and the residue, if any, be delivered to him at the time of his majority." The testator died on May 18, 1927, and his will was duly filed and admitted to probate, and on August 24th thereafter Laura Loden qualified as independent executrix thereunder. Prior to the death of L. G. Loden, certain of the children of the first wife instituted cause No. 5400 in the district court of Potter county against L. G. Loden to partition the above described land between themselves and their father. After his death, proper parties were substituted, and on August 30, 1927, judgment was entered decreeing title and possession of the west one-half of said property to the plaintiffs in cause No. 5400 and decreeing that the defendants "Laura Loden, and Guy Marshall Loden shall each own and possess an undivided 45/103rd interest in said east half of said lots and the defendant Alva Ray Loden an undivided 13/103rd interest in the east half of said lots."

On November 29, 1927, Laura Loden, on a sufficient application, was by the probate court of Potter county appointed guardian of the person and estate of the minor, Guy Marshall Loden, and on the following day filed bond and took the oath as such guardian.

Thereafter Laura Loden, for herself individually and as guardian of Guy Marshall Loden, instituted cause No. 6416 in the district court of Potter county against Alva Ray Loden to have partitioned the east one-half of lots 7, 8, 9, and 10 in block 65, theretofore awarded to said parties in cause 5400, and obtained judgment on March 26, 1928, decreeing 30 by 120 feet of said property to Laura Loden and to Alva Ray Loden 13 by 120 feet thereof, each tract subject to the indebtedness of certain creditors, and to the minor Guy Marshall Loden a tract 27 by 120 feet, free and clear of such indebtedness. A certified copy of this decree of partition was not filed in the office of the county clerk of Potter county until 9 o'clock a. m. February 6, 1933.

S. E. Fish filed suit in the district court of Potter county against Laura Loden, individually and as independent executrix of the estate of L. G. Loden, deceased, and other parties unnecessary to this record, on certain obligations made to him by L. G. Loden, and on January 31, 1929, obtained judgment establishing his claim against the estate of L. G. Loden, deceased, for the sum of $1,152.82 and the foreclosure of his lien against Laura Loden individually and as independent execu-

trix of the will of L. G. Loden, deceased, and Alva Ray Loden against the east half of lots 7, 8, 9, and 10 in block 65, subject to the payment of a note of $5,000 secured by a lien on the east 43 by 120 feet of said property. An appeal was prosecuted from this judgment, which was affirmed by this court. Loden et al. v. Fish, 20 S.W.(2d) 208. On August 15, 1932, the judgment was duly assigned by S. E. Fish to E. S. Burgess, and on January 5, 1933, an order of sale was issued thereon by the clerk of the district court of Potter county, the property advertised, and on February 7th it was duly sold and conveyed by the proper officer to E. S. Burgess for the sum of $1,000, which was credited on said judgment.

On April 5, 1933, Guy Marshall Loden, by his guardian, Laura Loden, instituted this action in trespass to try title against E. S. Burgess to recover title and possession of the 27 by 120 feet set apart to him in cause No. 6416.

The defendant answered by general demurrer, general denial, and plea of not guilty. In a cross-action he sought affirmative relief against the plaintiff and several other parties whom he impleaded, but no complaint is made of the judgment disposing of the rights of the impleaded parties.

The case was submitted to the court without the intervention of a jury, and judgment rendered in favor of E. S. Burgess, from which action of the court the plaintiff appeals.

The appellant contends that the judgment obtained by S. E. Fish and the sale and deed thereon upon which appellee's title is based are void as to Guy Marshall Loden, because, at the time said judgment was obtained, Laura Loden, independent executrix, had surrendered possession of the estate, it had been partitioned and distributed among the devisees, and, in order to subject the minor's property so distributed to him to the payment of its pro rata portion of the debts of the testator, it was necessary to make him a party to the suit in which the judgment was rendered.

"Any person having a debt or claim against the estate may enforce the payment of the same by suit against the executor; and, when judgment is recovered against the executor, the execution shall run against the estate of the testator in the hands of the executor that may be subject to such debt." R. C. S. art. 3437.

"This brings us to the second question in the case: Are the devisees under a will bound by a judgment of foreclosure against the executor, in a suit to which they were not made parties? The judgment was rendered after the Revised Statutes went into effect, and this question must be determined by a construction of our existing laws; and a review of the previous legislation is necessary in order to make that construction clear. Section 118 of the act of May 13, 1846, provided that, 'where the suit is for the foreclosure of a mortgage on real estate, * * * the heirs interested in the mortgaged property shall be made parties to the suit by due notice served,' etc. Pasch. Dig. art. 1479. The section in which this language is found was construed to apply only to cases where the suit was brought after the death of the testator or intestate. Where the defendant died pending the suit, it was permitted to proceed against his administrator alone. Givens' Adm'r v. Davenport, 8 Tex. 455. The probate law of 1870 contained this provision: 'If any person desire to contest the title of the estate to land, he must bring his suit in the district court, and make the executor or administrator and the heirs parties thereto.' 2 Pasch. Dig. art. 5697. Section 118 of the act of 1846, from which we have quoted above, is omitted from the Revised Statutes, and is thereby repealed. Rev. St. final tit. § 5. But the provision quoted from the law of 1870 is substituted by article 1202, which reads as follows: 'In every suit against the estate of a decedent involving title to real estate, the executor or administrator, if any, and the heirs, shall be made parties.' We construe this to apply to suits in which the title of the estate to land is brought into controversy, and not to such as merely seek to enforce a lien upon it. Such is the evident meaning of the provision for which it is intended as a substitute. It would seem that, if it had been the purpose to require the heirs or devisees to be made parties to a proceeding for the foreclosure of a mortgage or other lien upon real estate, this intention would have been clearly manifested by the incorporation of section 118, or by the addition of apt words to the article just quoted. When the estate is being administered in the county court, a lien may be enforced without special citation to the heirs, though a citation to all persons interested in the estate is required to be posted. But, in case of an independent executor, article 1943, Rev. St., provides that 'any person having a debt or claim against the estate may enforce payment of the same by suit against the executor of such will, and, when judgment is recovered against the executor, the execution shall run against the estate of the testator in the hands of the executor that may be subject to

such debt.' An unsecured creditor has a charge upon all the assets of the estate, in general, not exempt from execution. A lien creditor has a special claim against the property subject to the lien. If the legislature had required the heirs or devisees to be made parties in the one case, in order to be consistent they should have required it in the other. An executorship free from the control of the county court is a special personal trust, and carries with it the power to sell any property of the estate, subject to administration, without the order of any court, when necessary for the payment of debts; and it was probably considered that any person to whom a testator would intrust such authority could be relied upon to defend all suits for the enforcement of liens brought against the estate. The creditor in this case might have taken a simple judgment for his debt, and sold the property under execution, and thereby passed the title; and, in the absence of some legislative enactment to the contrary, we do not see why he could not lawfully take a judgment foreclosing his mortgage without making the devisees parties." Howard v. Johnson et al., 69 Tex. 655, 7 S. W. 522, 524. See, also, 14 Tex. Jur. 122, § 356.

■ Unquestionably the interest devised to Guy Marshall Loden passed to him subject to the payment of its pro rata part of the indebtedness of the testator. If such interest at the time S. E. Fish obtained his judgment was in the hands of the executor, it was subject to such debt. The only testimony in the record that Laura Loden, as independent executrix, had surrendered possession of the property of the estate, or that it had been distributed to the devisees, consists of the suit for partition in cause No. 6416, which was instituted by Laura Loden for herself individually and as guardian of Guy Marshall Loden, against Alva Ray Loden, before a year after her qualification as executrix had expired. Laura Loden, in her capacity as independent executrix, was not a party plaintiff or defendant. Neither was S. E. Fish or the appellee a party to such suit.

"A judgment against a party sued as an individual is not an estoppel in a subsequent action in which he sues or is sued in another capacity or character. In the latter case he is, in contemplation of law, a distinct person, and a stranger to the prior proceeding or judgment. As further stated in 2 Black on Judgments, § 536, 'this rule is one of the fundamentals of the jurisprudence on the subject.'" Hardin et al. v. Hardin et al. (Tex. Civ. App.) 1 S.W.(2d) 708, 710.

"Waiving all questions as to the jurisdiction of the district court of Coleman county in the partition suit, and assuming that it had jurisdiction over the parties and subject-matter, the fact, nevertheless, remains that Gibson, in his capacity as independent executor of the estate of D. L. McDaniel, was not before the court. * * * Therefore in that capacity he was not concluded by the decree rendered. Lauchner claims under Gibson as executor, and he likewise is not concluded by the decree in the Coleman county suit. His rights are in no wise affected by the same. Upon the death of D. L. McDaniel and probate of his will, his title to the lots passed to Leo McDaniel, subject to the rights of creditors. These rights have been enforced against the executor of the estate and the title passed to Lauchner." McDaniel v. Lauchner (Tex. Civ. App.) 206 S. W. 221, 222.

■ "If one is executor or administrator and also guardian of a beneficiary, he holds the estate first of all as executor or administrator and does not hold anything as guardian which is not separated from the assets of the estate or placed properly to his account as guardian." 24 C. J. 52, § 470.

■■ The undivided interest devised to Guy Marshall Loden had not been separated from the estate and properly placed to the account of the guardian.

"Every partition of land made under an order or decree of a court, and every judgment or decree by which the title to land is recovered shall be duly recorded in the office of the county clerk in which such land may lie; and until so recorded, such partition, judgment or decree shall not be received in evidence in support of any right claimed by virtue thereof." Article 6638, R. C. S. See, also, Ball v. Norton (Tex. Com. App.) 238 S. W. 889; Benn et al. v. Security & Realty Development Co. et al. (Tex. Civ. App.) 54 S.W.(2d) 146; Thompson & Simpson v. Rust, 32 Tex. Civ. App. 441, 74 S. W. 924.

The judgment of partition was not filed for record in the county clerk's office until February 6, 1933, one day prior to the sale under the Fish judgment, which was obtained in district court on January 31, 1929. No lis pendens notice of such suit was filed, and there is no testimony in the record that either S. E. Fish or E. S. Burgess, to whom the judgment was assigned, had any actual notice of the partition decree entered in cause 6416.

The will directed that the independent executrix pay the just debts of the testator out of his estate and hold the property devised to

Guy Marshall Loden in trust for his maintenance and education and deliver any residue that remained thereof to him at his majority. Under this provision of the will, she was required·to and was still administering the estate as independent executrix, since the contingency therein provided for had not occurred. 14 Tex. Jur. 538, § 695; Wells v. Houston (Tex. Civ. App.) 56 S. W. 233; Autrey et al. v. Stubenrauch et al., 63 Tex. Civ. App. 247, 133 S. W. 531. She had qualified as independent executrix, held the property in trust for the devisees, subject to the payment of the creditors, she had not resigned or refused to act as independent executrix, was not disqualified as such at the time of the Fish judgment, and the property involved was in her hands subject to the debt claimed, and such judgment was valid. There is no contention that the sale and sheriff's· deed did not vest title in appellee if the judgment was valid.

The judgment is affirmed.