J. J .Swearingen, Administrator, v. J. M. Glenn.

1. In 1868 a county court, exercising the civil jurisdiction accorded it by the Constitution of 1866, rendered a judgment for debt against W. as administratrix of an estate, and improvidently awarded execution thereof, instead of directing a certification to the probate court, etc. In November, 1870, the plaintiff entered on the motion docket of the district court of the same county a motion to correct the judgment in the respect above indicated ; at the foot of which motion was the following entry : " J. T. Swearingen, administrator of M. A. Drake's estate at this time." In the transcript sent up on this appeal there is no other evidence or indication of any change of the administration of the estate ; nor does it appear that any notice of the motion was issued or served upon any one. The district court, however, by an order which recited that " the parties came by their attorneys," sustained the motion and corrected the judgment. *Held*, that the judgment of the county court might have been corrected in this proceeding, if the proper parties had been brought before the district court ; but in default of proper parties that court had no jurisdiction to sustain the motion· .(Paschal's Digest, articles 49 and 51.)

2. The recital in the judgment of the district court that " the parties came by their attorneys," might be deemed sufficient if this were a mere collateral proceeding ; but that judgment itself being directly before this court on appeal, the recital does not suffice. (Watson v. Hopkins, 27 Texas, 642, cited by the court.)

Appeal from Washington.    Tried below before the Hon. I. B. McFarland.

---

The judgment of the district court appealed from was rendered against Swearingen as administrator of M. A. Drake's estate, and recites that he accepted and gave notice of appeal. Doubtless the probate records of the district court afforded to it judicial knowledge of a change in the administration of Drake's estate, by which Swearingen had become administrator in place of Martha A. Weems, the administratrix against whom was rendered the original judgment in the county court. But the transcript sent up to this court contains nothing of that kind.

*Hancock & West*, for the appellant.

No brief for the appellee.

WALKER, J.—Had the proper parties been before the district court, the judgment of the county court might have been corrected in this proceeding; but the court erred in assuming jurisdiction of the motion without having parties properly before it.

If Martha Weems has, by death or otherwise, ceased to be the administratrix of Drake's estate, then the suit certainly abated as to her, and no action could be taken by the court until the necessary parties were made. But there is no evidence to show that Martha Weems is dead, or that she has ceased to be administratrix, nor does it appear that Swearingen has been appointed administrator of Drake's estate.

We have in this case the anomalous fact of a contradiction between the record and the judgment of the court.

The judgment recites that the parties appeared by their attorneys; the record shows, however, that there was no appearance by attorneys, nor was there any service of the motion. If this were a mere collateral proceeding, we might feel disposed to reconcile the contradiction, if possible, and hold the recital in the judgment good. But it is not the judgment that is before the court on ap-

peal.   On the authority of Watson v. Hopkins, 27 Texas, 642, the judgment in this case must be reversed; which is accordingly done, and the cause remanded.

Reversed and remanded.