### L. B. HARRIS ET AL V. BENNETT MUSGRAVE.

#### No. 5790.

1. **Special Judge—Injunction.**—A special district judge, who qualified under the appointment, has authority to hear and determine not only the suit pending in which the appointment was made, but also any litigation between the same parties growing out of that suit: *e. g.,* he can hear an injunction suit and application after the term for a new trial in the case.

2. **Record of Appointment.**—It is sufficient if a record of the appointment as special judge be made before the proceedings in the case are ended in the District Court.

3. **New Trial After the Term.**—To authorize a new trial after the term the party seeking it must show that he has a good cause of action, or of defense, which he was prevented from showing by fraud, accident, or act of the opposing party, without fault or negligence on his own part.

4. **Same.**—See facts held sufficient to require that a new trial be granted after the term.

APPEAL from Atascosa. Tried below before Hon. W. W. Herron, Special District Judge.

*Minter & Altgelt,* for appellants. — 1. The proceedings purport to have been had before W. W. Herron, special judge, and no authority is shown in him to act. Greenleaf on Evidence, vol. 1, sec. 6.

2. The authority of the special judge in a suit pending at the time of his appointment does not include jurisdiction over a new suit brought to enjoin the judgment in the first suit rendered, and an assumption of authority over such second suit is fundamental error. Roller v. Wooldridge, 46 Texas, 495; Overton v. Blum, 50 Texas, 417.

3. Proceedings purporting to have been had before a special judge of the District Court must affirmatively show the authority of such special judge and that he qualified according to law. Rev. Stats., art. 1093; Schultz & Bro. v. Lempert, 55 Texas, 273; Welsh v. Warden, Austin Term, 1884; Brinkley v. Harkins, 48 Texas, 225.

4. A suit brought to enjoin the execution of a judgment upon equitable grounds after the adjournment of the term of court at which the judgment was rendered, is a new and distinct suit.

5. A petition to enjoin an oppressive judgment obtained by a party through an accident to the opposing party, which shows merits and good cause for not appearing in time, states a good cause of action, and an injunction is the appropriate auxiliary process. Roller v. Wooldridge, 46 Texas, 495; Taylor, Knapp & Co. v. Fore, 42 Texas, 256; Overton v. Blum, 50 Texas, 417; Ratto v. Levy, 63 Texas, 279; Johnson v. Templeton, 60 Texas, 239; Freeman v. Miller, 53 Texas, 377; Nevins v. McKee, 61 Texas, 412.

*W. J. Bowen,* for appellee. — 1. This proceeding was instituted not only for an injunction, but to obtain a new trial or rehearing of the original case on its merits and for judgment, etc. It involved a new trial of the original case, which the special judge was authorized to try. It was properly filed and docketed as in original case. Rev. Stats., arts. 2879 and 2880; Rev. Stats., art. 1092; Clute v. Ewing, 21 Texas, 677; Vardeman v. Edwards, 21 Texas, 739; Chambers et al. v. Cannon, 62 Texas, 293.

2. The record sufficiently and affirmatively shows the disqualification of the regular judge and the authority and qualification of the special judge. The record of the appointment and qualification of the special judge was made May 19th, 1884. This suit was tried April 9th, 1885.

3. This cause was properly filed and docketed as No. 34. It was a proceeding to enjoin the execution of the judgment in cause No. 34. It could be tried in no other court. Rev. Stats., arts. 2879 and 2880; Winnie v. Grayson, 3 Texas, 429; Allen v. Menard, 5 Texas, 379; Hendrick v. Cannon, 2 Texas, 259.

4. There is no error in the judgment of the court. The exceptions to appellant's petition were well taken. The sworn answer fully denies the equity of appellant's petition. The injunction was properly dissolved and the petition dismissed upon good grounds, apparent in the petition and answer. Johnson v. Templeton, 60 Texas, 238; Nevins v. McKee, 61 Texas, 412; Bryorly v. Clark, 48 Texas, 352; Ratto v. Levy, 63 Texas, 279.

ACKER, JUDGE.—Hon. D. P. Marr, having been counsel for appellee, certified his disqualification and the failure of the parties to agree upon a special judge to the Governor, upon which Hon. W. W. Herron was appointed special judge to try the case. The special judge took the oath of office November 22d, 1883, but no record was made of his qualification until the May Term, 1884.

November 18th, 1884, the case was regularly called for trial by the special judge, neither appellants nor their counsel being present, and the trial proceeded to judgment in favor of appellee and against appellant L. B. Harris for $645, upon which execution was issued in February, 1885, and placed in the hands of the sheriff of Tom Green County, where appellants resided.

This suit was brought March 6th, 1885, to enjoin the levy of the execution, to vacate the judgment upon which it was issued, and to obtain a new trial.

Hon. W. W. Herron, special judge, called this case for trial on April 9, 1885, sustained demurrers to the petition, dissolved the injunction, and dismissed the suit, from which judgment this appeal is taken.

It is contended that this is another and different case from that which the special judge, Herron, was commissioned to try, and that his appointment to try the original suit did not confer upon him authority to try and determine this cause.

In cases where the district judge is recused, the failure of the parties to report their agreement upon a special judge by the time the case is reached in the regular order of business authorizes the presiding judge to certify his disqualification to the Governor, together with the fact that the parties have failed to agree upon a special judge. It then becomes the duty of the Governor to appoint a special judge to try and determine the cause. Rev. Stats., art. 1092. We think the special judge who qualifies under such appointment has full authority to hear and determine not only the particular suit then pending, but also any litigation between the same parties growing out of that particular suit.

It is sufficient that the record of the appointment and qualification of the special judge was made before he acted under his commission.

It is contended that the court erred in sustaining the demurrer and dismissing the suit.

The facts averred, so far as they are material, are to be taken as true.

It is well settled that a new trial may be granted by the District Court, in a case properly invoking its equitable powers, after the adjournment of the term at which the judgment was rendered; but to authorize such relief the party seeking it must show that he has a good cause of action, or valid defense, which he was prevented from prosecuting or making by fraud, accident, or the act of the opposite party, without fault or negligence on his part.    Plummer v. Power, 29 Texas, 14.

The suit was upon a promissory note, payable to M. T. Harris, who, it seems, was the wife of L. B. Harris.    Appellee pleaded in reconvention. The petition alleges that appellants resided several hundred miles distant from the county where the suit was brought, and that they were ignorant of the appointment of the special judge and of the time when the court would be held.    These matters would afford no sufficient excuse for their failure to be represented on the trial.    But it is further alleged that the note sued on was given for a just debt, and that the plea in reconvention was fictitious and fraudulent; that there were no just offsets against the note, and that all testimony offered to defeat the note and sustain the plea in reconvention was false.    These things being true, the judment should surely have been set aside and a new trial granted, unless the right to ask such relief had been forfeited by the fault or negligence of appellants.

The petition further alleges that Mr. Eckford was employed as their sole counsel, and they relied upon him to represent them in the cause; that a few weeks before the trial Mr. Eckford was accidentally injured, at Cotulla, in La Salle County, so that he was confined to his room until after the trial, and was thereby prevented from being present and representing them on the trial; that after his injury their attorney wrote them, informing them of the term of the court and his inability to attend and represent them, but the letter, without fault on their part, never reached them, and the first notice they ever had of the trial and judgment was after the execution was in the hands of the sheriff of Tom Green County; that had they received the letter from their attorney they would have employed other counsel, and that if they had had opportunity to prosecute their case the plea in reconvention would have been defeated.

We think these averments recited a series of accidents that afford sufficient excuse for failure to prosecute and defend on the trial of the case.

We think the court below erred in sustaining the demurrers and dismissing the case, for which we are of opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted June 12, 1888.