JOE W. THOMAS ET AL. v. RICHARD TOMPKINS ET AL.

Decided November 23, 1907.

1.—Trespass to Try Title—Description of Land—Uncertainty.

In a suit of trespass to try title, a description of the land sued for considered, and held insufficient to identify the same.

2.—Same—Pleading—Judgment.

In the absence of allegations of uncertainty in or misdescription of the land claimed by plaintiff in his title papers, the trial court is not authorized to consider testimony tending to correct the description or to identify the land claimed and sued for, and a judgment containing an uncertain description will be reversed.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*W. A. Johnson* and *Joe W. Thomas,* for appellants.—If latent ambiguity exists in a contract between individuals, parol evidence must be resorted to to explain and give effect to the intention of the parties; and if the description to land be insufficient it must be aided by extrinsic evidence to explain such uncertainty, as the court can not make a contract for the parties.

The petition of plaintiff must describe the land so there can be no controversy.

The sheriff can not arbitrarily select and locate the land.

A conveyance of all right, title and claim to a 400-acre tract of land does not transfer an undivided interest of 400 acres nor all interest in it, especially so if there is no intrinsic evidence to show the party at the time owned balance of the survey, or such amount as was his residue of same. Giddings v. Fischer, 97 Texas, 184; Dwyre v. Speer, 8 Texas Civ. App., 91; Jones v. Andrews, 72 Texas, 17 and 18; Munnink v. Jung, 3 Texas Civ. App., 405; Wofford v. McKinna, 23 Texas, 44; Ellis v. Le Bow, 71 S. W. Rep., 579; Wooters v. Arledge, 54 Texas, 397; Harris v. Shafer, 86 Texas, 316 and 320; Norris v. Hunt, 51 Texas, 616; Crabtree v. Whiteselle, 65 Texas, 112; Stipe v. Shirley, 64 S. W. Rep., 1014, or 92 Am. Dec., 375; Logan v. Pierce, 2 Posey U. C., 288; Hubbard v. Arnold, 2 Posey U. C., 328; Flanagan v. Boggess, 46 Texas, 335; Smith v. Crosby, 86 Texas, 19; Grogan v. Vache, 45 Cal., 610.

*P. E. McMahon* and *A. T. McKinney,* for appellees.—The description of the premises in controversy contained in appellees' petition identifies the land sued for, and said petition was not insufficient in law, and the trial court did not err in overruling appellants' exception thereto. Nye v. Moody, 70 Texas, 435; Terrell v. Martin, 64 Texas, 126; Ragsdale v. Robinson, 48 Texas, 398; Westmoreland v. Carson, 76 Texas, 623; Kingston v. Pickins, 46 Texas, 99; Berry v. Wright, 14 Texas, 272; Mansel v. Castles, 93 Texas, 414; Coffey v. Hendricks, 66 Texas, 676; 3 Washburn on Real Property, pp. 408 and 432.

PLEASANTS, CHIEF JUSTICE.—This is an action of trespass to try title brought by appellees against appellants to recover a tract of 400 acres of land on the William Cherry one-fourth league in Tyler County. The land sued for is described in the petition as follows: "400 acres of land, being a part and parcel of the William Cherry one-fourth of a league of land in Tyler County, Texas, described as follows: Beginning at the N. E. corner of a survey for Elizabeth Strong,

a stake from which a pine 15 in. dia. mkd. J. P. brs. S. 720 W. 3 vrs.; also a pine 15 in. dia. mkd. X brs. N. 30 ft. E., 1 vr. Thence S. with eastern boundary line of said survey 1,000 vrs. to a corner of said Cherry survey, a stake from which a water oak 14 in. dia. mkd. A. H. brs. N. 55 deg. E. 7 vrs.; also a pine 12 in. dia. mkd. X brs. N. 67 deg. W. 7 6-10 vrs. Thence east with said Cherry's south boundary line 1,217 vrs. to the S. E. corner of said Cherry survey, a stake from which a red oak 5 in. dia. mkd. A. N. brs. 89 deg. W. 12 8-10 vrs.; also a W. oak 3 in. dia. mkd. X brs. S. 72 deg. 15 ft. N. 11 vrs. Thence N. along said Cherry's east boundary line 1,456 vrs. to S. E. cor. of A. B. Hardin survey. Thence west and south far enough to include four hundred acres of land." The cause was tried by the court below without a jury, and judgment was rendered in favor of plaintiffs for the land described in the petition.

The defendants in the court below demurred to the petition on the ground that it did not describe the land sought to be recovered with sufficient certainty to identify it. They also objected on the same ground to the introduction in evidence of the deed from William Cherry to plaintiff's ancestor, which contains the same description as that set out in the petition. Under appropriate assignments of error it is urged in this court that the trial court erred in not sustaining said demurrer to the petition and objection to the deed, and that the judgment of the court below can not be affirmed because it does not describe the land adjudged to plaintiffs with sufficient certainty to identify it, and an officer charged with the execution of a writ of possession issued upon said judgment would not know what land to place in the possession of plaintiffs.

It is apparent that the description of the land above set out is inaccurate and uncertain. If the two last calls in the field notes are extended far enough for a line running west and then south to include 400 acres, the survey will not close, because, to include 400 acres in the boundaries given by the field notes, the north line must be extended west for a considerable distance beyond a point due north of the beginning, and therefore a line extended south from the west end of said north line would not reach the place of beginning.

There was no allegation of extraneous fact which would clear up this misdescription or uncertainty and authorize a judgment correctly and accurately describing the land, and the judgment rendered does not attempt to do so, but follows the description contained in the petition. The record discloses the existence of facts which would authorize a finding that the last call in the field notes was inadvertently omitted, and that the grantor in said deed intended that, after extending the line west from the northeast corner to a point from which a line running south from such point to the south line of the Cherry survey, and thence east with said line to the place of beginning, would contain 400 acres. If the petition contained allegations of these facts we might act upon the evidence in the record, and reform and affirm the judgment, but in the absence of the necessary pleadings we can not give any effect to the evidence upon this point, and the assignments above mentioned must be sustained. Jones v Andrews, 72 Texas, 18.

The evidence upon the issue of heirship is somewhat indefinite and

uncertain, and some of it was subject to the objection that the answer of the witness was not responsive to the interrogatory, but it sufficiently appears from testimony properly admitted that plaintiffs are heirs of the grantee, and as against a trespasser, are entitled to recover the whole of the land.

For the error above indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*