McDANIEL v. LAUCHNER.· (No. 866.)

(Court of Civil Appeals of Texas. El Paso. Oct. 17, 1918. Rehearing Denied Nov. 7, 1918.)

1. HUSBAND AND WIFE &262(1)—COMMUNITY PROPERTY—PRESUMPTION.

Certain realty having been acquired by a husband long subsequent to his divorce from his wife, there is no presumption it belonged to their community estate.

2. HUSBAND AND WIFE &262(1) — ACQUISITION OF PROPERTY—COMMUNITY OF SECOND MARRIAGE—PRESUMPTION. .

In absence of evidence to show that certain lots acquired by husband long subsequent to his divorce were community property, it must be presumed lots were separate property of husband, or belonged to community estate of himself and second wife. •

3. JUDGMENT &688—RES ADJUDICATA—CONCLUSION OF ONE NOT A PARTY.

Where, in a divorced wife's suit for partition of her husband's lands, the pleadings were insufficient to bring the independent executor of the husband into court as such, he, in his capacity as executor, and his successor, were not concluded by the decree.

4. HUSBAND AND WIFE &272(1)—COMMUNITY PROPERTY—DIVORCE—PROPERTY ACQUIRED AFTER DECREE—DEVISE ·OF REALTY.

On death of a husband and probate of his will, his title to lands purchased subsequent to divorce from his first wife passed to his son by his second wife, to whom he devised, subject to rights of creditors.

Error from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by Elzada McDaniel against Grant Lauchner. To review judgment for defendant, plaintiff brings error. Affirmed.

Grisham & Grisham, of Sweetwater, R. N. Grisham, of Ft. Worth, and Ben Palmer, of Pecos, for plaintiff in error. Jno. B.. Howard and Clay Cooke, both of Pecos, for defendant in error.

Statement of Case.

HIGGINS, J. This is a suit in trespass to .try ·title brought September 1, 1916, by Elzada McDaniel to recover lots 5 and 6, in block 24, West Park addition to Pecos, in Reeves county. The material facts are as follows: D. L. and Elzada McDaniel were husband and wife. They were divorced April 10, 1907, the decree making no disposition of any property rights. Thereafter D. L. McDaniel again married, and of this marriage Leo McDaniel was the issue. On July 8, 1911, D. L. McDaniel purchased the lots in controversy. On October 31, 1912, he conveyed same to a trustee to secure an indebtedness due the Pecos Valley State Bank. Thereafter he died testate, and his will was admitted to probate by decree entered in the district court of Reeves county on May 27, 1914, the same having been contested by Elzada McDaniel and others. By this will the lots were devised to Leo McDaniel and J. B. Gibson appointed independent executor of the estate. The testator directed that no proceedings be had in the probate court except to probate the will, and make and return an appraisement, inventory, and list of claims, as the statute requires. Gibson was also designated in the will as guardian of Leo McDaniel. On May 9, 1913, Gibson was appointed temporary administrator of the D. L. McDaniel estate by the county court of Reeves county and qualified as such. At the June term, 1913, the temporary administration was continued. On July 16, 1914, Gibson filed his bond and oath as executor and same was approved. On September 11, 1914, the Pecos Valley State Bank filed suit in the district court of Reeves county against J. B. Gibson, executor, to recover the amount secured by the McDaniel deed of ·trust of October 31, 1912, and for foreclosure of lien. November 28, 1914, decree was entered in favor of the bank against the executor for the amount of the debt and foreclosure of the lien. Under this decree the land was sold on the first Tuesday in March, 1915, to the bank, and conveyed by deed dated March 8, 1915. On April 2, 1915, the bank conveyed the lots to defendant in error Lauchner. On September 30, 1914, Elzada McDaniel filed suit in the district court of Coleman county against Leo McDaniel "and her guardian, adopted father and administrator, J. B. Gibson," and other defendants, for partition of certain lands in Reeves county. The peti-

tion averred that the lands were owned jointly by plaintiff and defendants, the plaintiff owning a one-half interest therein, and the other one-half interest being owned by defendants. Among the lands sought to be partitioned were the lots now in controversy. Lis pendens notice of this suit was filed in Reeves county on September 30, 1914. Gibson answered in this suit for himself and as guardian of the person and estate of Leo McDaniel. In this answer it was averred that the property described in the petition was the separate property of D. L. McDaniel, by whose will it passed to Leo McDaniel, and that neither the plaintiff nor any of the other defendants owned any interest therein. On April 6, 1915, the district court of Coleman county entered its decree reciting that Leo McDaniel and her guardian, Gibson, appeared by J. A. B. Miller, Esq. It was decreed that Elzada McDaniel owned one-half of the lands involved in the suit, and the other six defendants, including Leo McDaniel, each owned a one-twelfth interest therein, and the lands were ordered partitioned accordingly. Commissioners of partition were appointed, who made their report, in which lots 5 and 6, in block 24, West Park addition, were set aside to Elzada McDaniel. This report on November 8, 1915, was approved by the court, and title to said lots vested in Elzada McDaniel.

### Opinion.

We shall not attempt to follow the specifications of error as they are presented to this court.

[1-4] The property in controversy having been acquired by D. L. McDaniel long subsequent to his divorce from Elzada McDaniel, there is no presumption that it belonged to their community estate. There is no evidence to show that it was community property. Upon this state of the record it must be presumed to be the separate property of D. L. McDaniel or belonging to the community estate of himself and second wife. Creamer v. Briscoe, 107 S. W. 635. This being its status, Elzada McDaniel had no interest in it. But it is claimed that the decree of the district court of Coleman county is res judicata of title in Elzada McDaniel. Waiving all questions as to the jurisdiction of the district court of Coleman county in the partition suit, and assuming that it had jurisdiction over the parties and subject-matter, the fact, nevertheless, remains that Gibson, in his capacity as independent executor of the estate of D. L. McDaniel, was not before the court. The pleadings of the plaintiff are insufficient to bring him into court in that capacity. Therefore in that capacity he was not concluded by the decree rendered. Lauchner claims under Gibson as executor, and he likewise is not concluded by the decree in the Coleman county suit. His rights are in no wise affected by the same. Upon the death of D. L. McDaniel and probate of his will, his title to the lots passed to Leo McDaniel, subject to the rights of creditors. These rights have been enforced against the executor of the estate and the title passed to Lauchner.

Upon the views stated, it follows that the various assignments are without merit.

Affirmed.