**HARDIN et al. v. HARDIN et al.**    (No. 374.)

Court of Civil Appeals of Texas. Eastland.
Dec. 16, 1927.

Rehearing Denied Jan. 20, 1928.

**1. Appeal and error ⬉837(10)—Where original petition to set aside divorce is not in evidence, appellate court looks to first amended original petition on which case was tried.**

Where original petition in suit to set aside divorce, although contained in transcript, was not introduced in evidence, appellate court looks to first amended original petition on which case was tried.

**2. Parties ⬉29—Persons interested in object of suit should be parties, and every person to be directly affected by judgment is "necessary party."**

All persons interested in object of suit should be made parties, and every person to be directly affected by judgment is not only proper party, but is in fact "necessary party."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Necessary Parties.]

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Judgment** ⊜⊃670—**Judgment against party individually is not estoppel in subsequent action in which he appears in another capacity.**

Judgment against party sued as individual is not estoppel in subsequent action in which he sues or is sued in another capacity or character; he being in latter case, in contemplation of law, distinct person and stranger to prior proceeding or judgment.

**4. Executors and administrators** ⊜⊃439—**Failure to make executrices, as such, parties to suit to set aside divorce granted testator, held reversible error.**

In wife's action to set aside divorce granted her husband before his death, result of which, if she won, would be to entitle her to share in his estate greater than that devised her by his will, devisees and executrices, as well as heirs, had common interest in defeating her claim, and failure to make executrices parties, as such, raised by motion resisting entry of judgment, was reversible error, regardless of fact that they were made parties as individuals.

**5. Limitation of actions** ⊜⊃195(5)—**Plaintiff, suing to set aside divorce, had burden of alleging and proving facts taking case out of four-year statute of limitations pleaded by defendant.**

In suit to set aside divorce, where four-year statute of limitations was pleaded, plaintiff had burden to plead and prove facts and circumstances taking case out of its operation, and excuse her delay in bringing suit.

**6. Witnesses** ⊜⊃164(4)—**In wife's suit to set aside divorce, admissibility of letters written to wife by husband since deceased held subject to statute governing testimony as to transaction with deceased person (Rev. St. 1925, art. 3716).**

In wife's suit to set aside divorce granted to husband, brought after his decease, result of which, if she won, would be to enable her to get more of his property than his will bequeathed her, admissibility of letters written by husband to wife would be subject to test by provisions of Rev. St. 1925, art. 3716, governing admission of testimony in suits by or against executors concerning transaction with, or statement by, testator.

**7. Divorce** ⊜⊃167—**In wife's suit to set aside divorce, admitting newspaper item, not shown to have been published with husband's consent, held error.**

In wife's suit to set aside divorce granted to husband, brought after husband's death, admitting newspaper item, stating that husband, accompanied by his wife and others, had left certain city, without showing husband's connection with, authorization of, or responsibility for, statement, was error although it might be admissible in rebuttal or for impeachment.

Error from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by Mrs. Annie E. Hardin against Dell Hardin and others to annul a decree of divorce obtained against her by W. C. Hardin and for other relief. Judgment for plain-

tiff, and defendants Dell Hardin and others bring error. Reversed and remanded.

Ritchie & Ranspot, of Mineral Wells, and Bryan & Maxwell, of Waco, for plaintiffs in error.

Miller & Perkins, of Mineral Wells, and Keeney & Dalby, of Texarkana, for defendants in error.

LESLIE, J. August 6, 1925, Mrs. Annie E. Hardin filed this suit in the district court of Palo Pinto county, Tex., to annul a decree of divorce obtained against her by W. C. Hardin in that court September 17, 1908, and to establish and protect her interest in properties claimed by him at his death, alleged to be of the value approximately $400,000, and to have been in a large measure either the result of investing her separate funds or the accumulations of their community estate.

She alleged the decree of divorce was obtained by fraud upon her, as well as the court, in that W. C. Hardin, at the time of obtaining it, had not been a bona fide resident of Palo Pinto county six months prior to the filing of his petition therefor; that she was not served with citation; and that she neither waived issuance and service of process nor entered an appearance in the cause. She further alleged that, until June 12, 1925, she had neither knowledge of the decree nor notice of any fact that would put her on inquiry or cause her to suspect the existence of the same.

Annie E. Hardin and W. C. Hardin were married January 1, 1891, and, according to her testimony, strongly corroborated by her neighbors, they resided at her home in Texarkana, Tex., until some time during the year of 1910, when they ceased to live together, and he went to Corpus Christi, Tex., where he resided until about 1919, and thence removed to Waco, where he resided until his death.

A detailed statement of the testimony is not material, but to reflect the issues and rulings of the trial court it is well to bear in mind that W. C. Hardin adopted Dell Hardin (theretofore Dell Wood) October 13, 1913, as his lawful heir; that she began to live with him at Mineral Wells, where he was engaged in the business of contracting and building during the year of 1908; that she removed with him to Corpus Christi, and later to Waco, continuing to reside with him until his death. About 1910 or 1911 Florence Gibbons took up her abode with W. C. Hardin and his adopted heir, and resided with them continuously thereafter. These parties claimed to be of tender years when W. C. Hardin first became interested in them, but that is immaterial, as is the fact that neither of them is any blood relation to the deceased.

In this connection it will be observed that

Annie E. Hardin, during the fall of 1911, upon the invitation of W. C. Hardin, visited for about a month in his home at Corpus Christi, and then returned to her home at Texarkana, after which time they do not appear to have again dwelt under the same roof. In this record is to be found 111 letters written by W. C. Hardin to Annie E. Hardin, covering a period of time slightly antedating the divorce, and extending quite down to his death, some of these letters containing solicitous invitations to her to come and reside with or near him that he might care for her, and administer to her needs. In these letters most frequently he addresses her as "Dear Friend," but the tone of the correspondence falls far short of evidencing that hostile attitude of mind so generally assumed by those whose affections have fallen under the blight of estrangement. Some of the letters might be considered as manifesting an interest in mutual and community affairs—even property rights—and Mrs. Hardin contended they were designed to lull her into an unsuspecting frame of mind, and render less probable a discovery by her of the existence of the fraudulent decree. The original petition and papers in the divorce suit were missing from the archives of the clerk's office and could not be found. Consequently, as claimed by appellee, the grounds on which W. C. Hardin based his right to the decree are unknown. The number (3700½) of his suit, as indicated in the judgment, does not appear from the file docket to have been assigned to any cause of action registered there.

After W. C. Hardin ceased to live with Annie E. Hardin, he seems to have accumulated and come into possession, as noted, of a fortune of considerable proportions, and in 1921 and 1924, by means of deeds he created trusts—of the nature of spendthrift trusts—in favor of Dell Hardin and Florence Gibbons. In this manner the bulk of his estate was disposed of, and at the death of either the entire trust estate passed to the survivor, and at her death to the heirs of W. C. Hardin.

September 29, 1924, W. C. Hardin executed his last will and testament, in which he specifically confirmed the deeds and trusts theretofore made and created by him in favor of Dell Hardin and Florence Gibbons. By this instrument he also made ten or twelve special bequests of properties and moneys to relatives, bequeathed his diamonds to said women, along with all the balance of his said estate remaining, and then made them independent executrices of his estate without bond. One of the special bequests was in favor of the plaintiff, Annie E. Hardin, who, so long as she lived, was to receive through his executrices the sum of $100 per month, to be paid "out of the property earning" he had "deeded to them."

The will was duly admitted to probate July 7, 1925, and Dell Hardin and Florence Gibbons immediately qualified as independent executrices of the estate, took possession thereof, and have been administering the same under the terms of the will and as commissioned by the court. The inventory and appraisement of the property and claims of the estate discloses that there are liabilities as well as assets.

[1] Plaintiff's original petition herein was filed August 6, 1925, and the first-amended original petition on which she went to trial April 6, 1926. In the original petition she sued all the heirs of W. C. Hardin and Dell Hardin and Florence Gibbons each individually and each in her capacity as independent executrix. The original petition, although contained in the transcript, does not appear to have been introduced in evidence. Therefore we look to the first-amended original petition alone, from which the plaintiff omitted Dell Hardin and Florence Gibbons as executrices.

The trial was before the court and jury, and, in answer to special issues, the jury found: (1) That Annie E. Hardin did not waive citation in the original divorce suit; (2) that W. C. Hardin did not establish his residence in Palo Pinto county when he went to Mineral Wells about 1908; (3) that he was not a bona fide resident of Palo Pinto county six months prior to the filing of his petition for divorce; (4) that Annie E. Hardin was never served with citation in said cause; (5) that she never knew of the divorce; and (6) that she did not know of its existence more than four years prior to the filing of her original petition in this cause.

Upon these answers the court rendered judgment in favor of the plaintiff, canceling the decree of divorce. Defendants, by motion, resisted the entry of the same, contending that the record disclosed absence of necessary parties, the executrices, who had not been sued as such. The action of the court in overruling this motion and in entering the judgment furnish the basis of plaintiff in error's first assignment of error.

[2] It is well settled in this state that all persons interested in the object of the suit should be made parties, and that every person to be directly affected by the judgment is not only a proper party, but is, in fact, a necessary party. Therefore, the important question is: Were Dell Hardin and Florence Gibbons, in the capacity of executrices of the estate, necessary parties?

[3] A judgment against a party sued as an individual is not an estoppel in a subsequent action in which he sues or is sued in another capacity or character. In the latter case he is, in contemplation of law, a distinct person, and a stranger to the prior proceeding or judgment. As further stated in 2 Black on Judgments, § 536, "this rule is one of the fundamentals of the jurisprudence on the subject."

[4] The interest of the executrices, as such, in this litigation clearly appears, in this: The deceased's estate consisted of real and personal property, and they were in possession of it under a duly probated will. There were assets and liabilities, several special bequests to be delivered, valid liens to be released, and creditor's interests to be conserved. In connection with these facts there are other considerations. The suit is not to be regarded in the light of a mere divorce suit in which the state might well be considered as interested third party, but the real party at interest in this action is the estate. In fact, the suit is simply for the protection and assertion of property rights and governed by the rules of law in such cases. It makes no difference that plaintiff's petition merely asks that the judgment for divorce be declared void. Were it so declared, it would open the door to Annie E. Hardin to come in and claim her alleged share of the estate, and thus the beneficiaries under the will would probably be deprived of their portion of the estate, and the executrices would be left without the means and resources of carrying out its terms. The devisees and executrices, as well as the heirs, have a common interest in defeating the plaintiff's claim, and under this record the executrices were necessary parties to this suit before any judgment giving finality to this litigation could be entered. This conclusion is amply supported by the following authorities: McDaniel v. Launchner (Tex. Civ. App.) 206 S. W. 221 (writ of error refused); Swearingen, Adm'r, v. Glenn, 34 Tex. 243; Waldrep v. Roquemore et al., 60 Tex. Civ. App. 138, 127 S. W. 248; Nail v. Taylor (Tex. Civ. App.) 223 S. W. 719; Wichita Land & Cattle Co. v. Ward, 1 Tex. Civ. App. 307, 21 S. W. 128; Johnson v. Coleman, 23 Wis. 452, 99 Am. Dec. 193; Loftis v. Marshall, 134 Cal. 394, 66 P. 571, 86 Am. St. Rep. 286; First National Bank v. Shuler, 153 N. Y. 163, 47 N. E. 262, 60 Am. St. Rep. 601; Bamka v. Chicago, St. Paul & M. & O. Ry. Co., 61 Minn. 549, 63 N. W. 1116, 52 Am. St. Rep. 618; 9 R. C. L. p. 453, § 263; 23 C. J. p. 1170, § 387, note 24; also page 1172, § 390; 1 Freeman on Judgments, § 419.

Since the first assignment must be sustained, it becomes unnecessary to discuss many of the other assignments which pertain to matters that would not arise at a trial on the theory necessarily indicated by this ruling.

[5] On the burden of proof the court charged the jury:

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence negative answers to special issues Nos. 1 and 4, inclusive, and upon the defendant to establish the date, if any, which Mrs. Hardin acquired knowledge of the existence of the decree divorcing W. C. Hardin from her in the district court of Palo Pinto county."

By assignment complaint is made that the burden of proof as to the defendants was misplaced, and that in such respect it rested upon the plaintiff to establish a valid excuse for not instituting the suit at an earlier date. That is, the burden was upon her to prove that she did not know of the existence of the divorce more than four years prior to the institution of her suit. At the time the suit was filed, as it appears from the face of the pleadings, the cause of action was barred by the statute of four years' limitation. This statute was pleaded, and, to take the case out of the statute, it was incumbent on the plaintiff to plead and prove such facts and circumstances as would take the case out of its operation, and excuse her delay in bringing the suit. In respect to these matters, the burden was clearly upon the plaintiff, and it was error not to so instruct the jury. This is a hard case, and, as a practical proposition, it probably would not have made any difference with the jury that resolved all questions of fact in favor of the plaintiff, but this would be mere speculation on our part, and the plain rule of law that places the burden relative to such matters upon the plaintiff cannot be ignored, as may be seen from the following authorities: Hillebrant v. Brewer et ux., 6 Tex. 45, 55 Am. Dec. 757; Wichita Land & Cattle Co. et al. v. Ward, 1 Tex. Civ. App. 307, 21 S. W. 128; Swearingen v. Swearingen (Tex. Civ. App.) 193 S. W. 442 (writ refused); Pitman v. Holmes, 34 Tex. Civ. App. 485, 78 S. W. 961; Didier v. Woodward (Tex. Civ. App.) 232 S. W. 563; Harris et al. v. Musgrave, 72 Tex. 18, 9 S. W. 90; Davis et al. v. Jones (Tex. Civ. App.) 149 S. W. 727 (writ denied); Childress et al. v. Grim, 57 Tex. 56; Gulf Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017 (writ refused); 1 Black on Judgments, p. 605, § 380; 37 C. J. p. 1232, § 747. This assignment is sustained.

[6] In the statement of the case reference is made to 111 letters written by W. C. Hardin to Mrs. Annie E. Hardin during his lifetime, and covering the period from 1908 to his death. In view of this court's ruling on the first assignment discussed, the admissibility of each of these letters will have to be tested by the provisions of article 3716 of the Statute, governing the admission of testimony in suits by or against executors—in which judgment may be rendered for or against them as such, neither party being allowed to testify against the other as to any transaction with, or statement by, the testator, unless called to testify thereto by the opposite party.

By supplemental proof any one of these letters may become admissible, but the testimony on another trial will determine that, and we refrain from a further discussion of this character of testimony.

[7] While Mrs. Annie E. Hardin was visit-

ing W. C. Hardin at Corpus Christi in 1911, a matter hereinbefore related, a newspaper published the following news item:

"W. C. Hardin, accompanied by his wife, niece, Dell Wood, and the Kaler brothers, left Corpus Christi Friday, etc."

This was objected to upon the ground that it did not appear that W. C. Hardin authorized, or knew of, the publication of this article. This objection should have been sustained. W. C. Hardin's connection with, or authorization of, the statement, or responsibility therefor, should have in some way been shown. This assignment is also sustained. But we are not to be understood as holding that the article might not be admissible as rebuttal or for the purpose of impeaching the testimony of the witness Dell Hardin under certain circumstances.

·For the reasons assigned, the judgment of the trial court is reversed, and the·cause remanded.