## BENSON et al. v. DRUMMOND et al.
### No. 10641.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 31, 1940.

Rehearing Denied Feb. 28, 1940.

John T. Spann, of Crystal City, for plaintiffs in error.

Perkins & Floyd, of Alice, Swearingen & Miller and John J. Cox, all of San Antonio, and Spafford & Spafford, of Dallas, for defendants in error.

NORVELL, Justice.

On June 18, 1928, the District Court of Duval County entered judgment that plaintiffs take nothing in cause No. 3178, styled "Amye Benson et al. v. E. H. Drummond et al.," involving certain lands in Duval County, Texas. This judgment was corrected by a nunc pro tunc order entered by the court ex mero motu on March 6, 1934, so as to include Otto Benson as a party defendant in the judgment.

This suit was brought by Amy Benson, widow of Tom Benson, joined by her children and Otto, Zachariah, Alvin and Joseph Benson, it being alleged that the last four parties named, together with Tom Benson, deceased, were children of C. O. Drummond and Mary Benson, both deceased, and that there had been a common-law marriage between C. O. Drummond and Mary Benson. The purpose of the suit was to set aside the judgment entered in cause No. 3178, and recover title and possession of the premises involved.

The defendants filed their motion in this suit to correct the judgment entered in cause No. 3178, as the trial court had held that the nunc pro tunc order of March 6, 1934, had been entered without proper notice, and such judgment was therefore interlocutory rather than final.

On the 10th day of May, 1939, after due notice and upon consideration of evidence, the trial court entered another order nunc pro tunc, making Otto Benson a party defendant to the judgment rendered in cause No. 3178.

This case was tried to a jury and upon the completion of the testimony the trial court instructed the jury to return a verdict in favor of defendants and against plaintiffs Otto, Zachariah, Alvin and Joseph Benson. The case as to Amy Benson and her children was submitted to the jury upon special issues. In the judgment rendered, the trial court "found that in the case of Benson v. Drummond, No. 3178, Duval County, judgment (was) rendered June 18, 1928, that same was corrected March 6, 1934, and again corrected * * on the 10th day of May, 1938, and * * * that this judgment as corrected * * * was a valid judgment as to plaintiffs Zacariah (sic) Benson, Otto Benson, Alvin Benson and Joseph Benson," and the recovery prayed for by said parties was accordingly denied.

Judgment was entered, upon the jury's answers to the special issues involved, in favor of Amy Benson and her children for an undivided one-fifth interest in the lands involved. From this part of the judgment an appeal was taken to this court, with the result that the judgment in favor of Amy

126

Benson and her children was reversed and judgment rendered in favor of defendants. Application for writ of error was refused by the Supreme Court. The opinion of this court in said case (Drummond v. Benson, 133 S.W.2d 154) fully sets out the issues of the case and further elaboration is not necessary here.

Otto, Zachariah, Alvin and Joseph Benson, by writ of error, seek a reversal of that part of the trial court's judgment adverse to them. The parties will be designated as in the trial court.

Plaintiffs' first group of propositions assails the trial court's action in holding that the judgment rendered in cause No. 3178, as corrected, was binding upon them. In view of the disposition hereinafter made of this case, it is unnecessary to discuss this contention, except to say that said judgment as corrected was not void, but was at most only voidable, and it was therefore necessary that plaintiffs show that they had a meritorious defense to the cause of action upon which the attacked judgment was based. Harris v. Musgrave, 72 Tex. 18, 9 S.W. 90; Jones v. Wootton, Tex.Com.App., 228 S.W. 142; 25 Tex.Jur. p. 665.

Plaintiffs seemingly recognize this fact, and by their remaining propositions assert that they have met such burden. The position of plaintiffs here is stated in their nineteenth proposition, as follows: "The merits of the suit of Otto Benson, Zachariah Benson, Alvin Benson and Joseph Benson in this cause was established by the findings of the jury conforming to their pleadings."

This court held in the case of Drummond v. Benson, supra, that Amy Benson and children could not recover upon the findings of the jury in this case. The plaintiffs here joined with Amy Benson in the same petition and presented the same theory of recovery. The holding of the court in the Amy Benson appeal was to the effect that an instructed verdict against Amy Benson and children would have been proper under the evidence. Such an instruction was given with reference to plaintiffs here, and, for the reasons set out in this court's opinion in the Amy Benson case, we hold that the trial court's action in this respect was correct.

That part of the judgment appealed from, denying a recovery to plaintiffs in error, is affirmed.